```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                              EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

    **vs.**                                                    Criminal Action 2:20-cr-187(1)
                                                           JUDGE MICHAEL H. WATSON

**MICHAEL JERROD MOORE**

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned to "review Defendant's detention and issue a Report and Recommendation on whether Defendant should remain detained pending trial." *Order*, ECF No. 46. On April 28, 2021, the undersigned conducted an evidentiary hearing on the matter. With Defendant's consent, the evidentiary hearing proceeded by videoconference. For the reasons that follow, it is recommended that Defendant's appeal from the order of detention be affirmed and that Defendant remain detained pending trial.

**I.**

In October 2020, the Grand Jury in this District indicted Michael Jerrod Moore, along with two (2) co-defendants, on charges of conspiracy to possess with intent to distribute oxycodone and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 (Count 1), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 2). *Indictment*, ECF No. 12. In November 2020, Defendant was arrested in the Central District of California. *Arrest Warrant Returned Executed*, ECF No. 30. While represented by a public defender in that District, Defendant participated in an initial appearance and detention hearing, *Rule 5(c)(3) Documents*, ECF No. 33, PageID# 201, following which the presiding United States Magistrate Judge ordered Defendant detained pending trial. *Id*. at PageID# 211-13. The Magistrate Judge also ordered Defendant's removal to this District.

*Id.* at Page ID# 220.[1] Acting through retained counsel, Defendant subsequently sought review of that detention order in that District. *Id.* at PageID# 221-23.[2] On March 19, 2021, Defendant filed in this District a motion to dismiss the *Indictment* or, in the alternative, an appeal of the detention order and request for expedited hearing. *Defendant Michael Moore's Motion to Dismiss Indictment (18 U.S.C. § 3162), or, in the Alternative, for Appeal of Bail and Request for Expedited Hearing (18 U.S.C. § 3145)*, ECF No. 39; *Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Indictment or, in the Alternative, for Appeal of Bail and Request for Expedited Hearing,* ECF No. 44. The Government opposes Defendant's motion. *Response of the United States in Opposition to Motion to Dismiss Indictment or, in the Alternative, for Review of Detention*, ECF No. 41; *Sur-Reply of the United States in Opposition to Motion to Dismiss Indictment or, in the Alternative, for Review of Detention*, ECF No. 51.

**II.**

A person ordered detained pending trial may file a motion for revocation or amendment of the detention order "with the court having original jurisdiction over the offense...." 18 U.S.C. § 3145(b). Review of a magistrate judge's order of detention is *de novo. United States v. Yamini*, 91 F.Supp.2d 1125, 1127 (S.D. Ohio 2000)(reasoning that, although the Sixth Circuit has not mandated a particular standard of review, "[t]he majority view appears to favor...de novo review of detention orders…."). *See also United States v. Medina*, 2021 WL 1152708, *2 (S.D. Ohio March 26, 2021)(same).

A defendant is ordinarily entitled to release pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pretrial detention is appropriate, however, if a court finds "that no condition

---

[1] It is unclear why the records from the United States District Court for the Central District of California, ECF No. 33, were not filed in this Court until March 15, 2021.

[2] Defendant represents that the District Court for the Central District of California declined to entertain Defendant's request for review because Defendant had been order removed to this District. *Motion to Dismiss*, ECF No.

or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Moreover, Congress has established a rebuttable presumption in favor of detention where there is probable cause to believe that the defendant has committed an offense "for which the maximum sentence if life imprisonment" or "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)…." 18 U.S.C. § 3142(e)(3)(A). Defendant Moore's indictment on the drug offense charged in Count 1 of the *Indictment* is such an offense. 21 U.S.C. §§ 841(b)(1)(A)(viii), 846 (authorizing a sentence upon conviction of 10 years to life). The Magistrate Judge who ordered Defendant's detention held that Defendant had not rebutted the presumption in favor of detention. *Order of Detention Pending Trial*, ECF No. 33, PageID# 212.

### III.

At the April 28, 2021, evidentiary hearing, Defendant offered the testimony of several witnesses, as well as security in the form of a bond secured by real property located in Los Angeles County, California, and cash deposits totaling $100,000.00. Defendant has thus met his burden of production sufficient to overcome the presumption in favor of detention. *See Stone*, 608 F.3d at 945 ("Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence."). Moreover, Defendant's proffer of real property titled in the name of a family trust and cash is, in the opinion of the undersigned, sufficient to assure the appearance of Defendant as required. *See* 18 U.S.C. § 3142(c)(1)(B)(xi), (xii)(providing that property offered as security must be sufficient "to assure the appearance of the person as required…." ) The Court will therefore consider whether any condition or combination of conditions of release will reasonably assure "the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In this regard, the Court will

---

39, PageID# 242.

consider the factors set out in 18 U.S.C. § 3142(g) and only with respect to the drug conspiracy offense charged in Count 1.

### A. The Nature and Circumstances of the Offense Charged

The *Indictment* establishes probable cause that Defendant committed the offense charged in Count 1. *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006)("[T]he finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause.") Moreover, the lengthy affidavit submitted in support of the *Complaint* against Defendant, *Complaint*, ECF No. 1., supports a conclusion that Defendant was a leader of a drug trafficking organization that dealt with, *inter alia*, large quantities of fraudulently obtained oxycodone pills and 98% pure methamphetamine. *Id*. Defendant's participation in the activities of the organization was confirmed by witnesses, video footage, and fingerprint analysis. *Id*. *See also* Exhibits 1 and 2, attached to *Sur-Reply of the United States in Opposition to Motion to Dismiss Indictment or, in the Alternative, for Review of Detention,* ECF No. 51. The offense charged in Count 1 of the *Indictment*, if proven, is unquestionably serious, reflecting as it does the distribution of large quantities of dangerous drugs over a lengthy period of time.

### B. The Weight of the Evidence

As the foregoing summary of the makes clear, the weight of the evidence against Defendant on the drug charge is strong. Indeed, Defendant did not seriously challenge the weight of the evidence in his filings or at the evidentiary hearing.

### C. The History and Characteristics of Defendant

Defendant's grandmother, mother, and daughter testified at the evidentiary hearing and established clearly that Defendant enjoys the robust support of his family. His spiritual counselor also testified to Defendant's sincere efforts to resolve certain relationship issues and provide effective parenting to his children. However, it is questionable that Defendant's family is familiar with the details of Defendant's life and activities. For example, Defendant reported to

4

the Pretrial Services Officer that he had lived with his grandmother "for one year;" his grandmother testified, however, that Defendant had not lived with her for approximately 10 years and that, prior to his arrest, she did not know where her grandson lived.

Defendant also reported to the Pretrial Services Officer that he was the owner and operator of landscaping and janitorial businesses; his wife reported, however, that her husband is unemployed. Although Defendant offered purported tax returns for 2015–2019, *see* attachments to *Defendant's Reply*, ECF No. 44, the forms are all dated November 2020 (*i.e.*, after the return of the *Indictment*), none are signed by Defendant, and there is no indication that the tax returns were actually filed.

The Pretrial Services Report also indicates that Defendant's criminal history includes multiple felony convictions and at least one probation revocation. Although the last of those felony convictions occurred in approximately 2002, Defendant's contact with the criminal justice system has continued throughout the years. Moreover, the Pretrial Services Officer reported that Defendant's criminal history also reflects multiple aliases.

Finally, Defendant also reported to the Pretrial Services Officer a history of drug abuse.

### D. Danger to the Community

Defendant's marginal (at best) employment history, substantial criminal history, and history of drug abuse—combined with the strong evidence of a serious drug offense—persuades the undersigned, by clear and convincing evidence, *see* 18 U.S.C. § 3142(f), that no condition or combination of conditions of release will reasonably assure the safety of the community.

It is therefore **RECOMMENDED** that the order of detention be affirmed and that Defendant be ordered to remain detained pending trial.

5

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).


April 30, 2021                  *s/ Norah McCann King*
 Date                               Norah McCann King
                                         United States Magistrate Judge