**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

United States of America,

v.  Case No. 2:20–cr–187(1)

Michael Jerrod Moore,  Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

On March 19, 2021, Defendant Michael Jerrod Moore moved to dismiss the indictment or, in the alternative, for a review of detention. ECF No. 39. On April 12, 2021, the Court referred to Magistrate Judge King the portion of the motion seeking a review of detention. ECF No. 46. The Court then issued an opinion and order denying the motion to dismiss on May 6, 2021. ECF No. 60.

On April 28, 2021, Magistrate Judge King held an evidentiary hearing on Defendant's motion for a review of detention. Two days later, Magistrate Judge King issued a report and recommendation ("R&R") recommending that Defendant remain detained pending trial. R&R, ECF No. 57. Defendant timely objected to the R&R, ECF No. 61, and the objection is ripe for review.[1]

---

[1] Neither party argues what standard of review applies. *See* 28 U.S.C. § 636(b) and Fed. R. Crim. P. 59. On the one hand, a review of detention is a "matter that does not dispose of a charge or defense," Fed. R. Crim. P. 59(a), and it is not a matter specifically excepted under 28 U.S.C. § 636(b)(1)(A). This suggests that the Court should only overrule those portions of the R&R that were clearly erroneous or contrary to law. On the other hand, Magistrate Judge King issued a report and recommendation, not an order, which generally triggers a *de novo* review. To avoid any possible

Defendant was indicted along with two co-defendants for conspiracy to possess with intent to distribute oxycodone and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 (Count 1), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 2). Defendant was arrested in November 2020 in the Central District of California. At Defendant's initial appearance in that district, he was ordered detained and removed to this district.

As mentioned, Defendant has moved for a review of that detention order. A person who has been ordered detained by a magistrate judge may file a motion for revocation or amendment of the order pursuant to 18 U.S.C. § 3145(b). The Court reviews the original detention order *de novo*. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000).

The Court begins with a few portions of the R&R with which Defendant agrees. First, a defendant is ordinarily entitled to release pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Under the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* (quoting 18 U.S.C. § 3142(e)). "The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will

---

prejudice to Defendant, the Court has conducted a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B).

Second, while Count I of the indictment in this case created a rebuttable presumption in favor of detention, Defendant "met his burden of production sufficient to overcome the presumption in favor of detention." R&R 3, ECF No. 57. The Court therefore needs to "consider whether any condition or combination of conditions of release will reasonably assure the safety of any other person and the community." *Id.* (quoting 18 U.S.C. § 3142(e)(1)) (internal quotation marks omitted).

Now to the portion of the R&R to which Defendant objects. Magistrate Judge King thoroughly analyzed whether any conditions of release could assure the safety of the community by reference to the factors set out in 18 U.S.C. § 3142(g) and concluded that "Defendant's marginal (at best) employment history, substantial criminal history, and history of drug abuse—combined with the strong evidence of a serious drug offense—persuade[d her], by clear and convincing evidence . . . that no condition or combination of conditions of release will reasonably assure the safety of the community." *Id.* at 4–5.

Upon *de novo* review of the original motion for review of detention, the Government's response, and Defendant's reply, as well as the R&R, Defendant's objection, the Government's response, and Defendant's reply, the Court agrees with Magistrate Judge King that there is no condition or combination of conditions of release that will reasonably assure the safety of the community.

Defendant objects to the R&R on several bases. First, Defendant objects that Magistrate Judge King did not address the specific set of conditions he has proposed to ensure the safety of the community. Obj. 3, ECF No. 61. Defendant contends that this lack of specific discussion "indicates that Magistrate King did not analyze whether or not, even if Mr. Moore was considered to pose a danger to the community, these combination(s) of conditions sufficiently mitigate that danger." *Id.*

The Court disagrees. Magistrate Judge King properly considered the 18 U.S.C. § 3142(g) factors[2] and made a determination as to whether any set of factors would be sufficient. Her analysis was not, and should not have been, limited to only what Defendant proposed, and she is not required to specifically articulate why any particular condition is inadequate. This broader consideration of whether there are any conditions that could assure the safety of the community tracks how the Sixth Circuit has analyzed these issues. *See Stone*, 608 F.3d at 947–54 (analyzing the § 3142(g) factors for each of the defendants, not specifically considering any particular condition of pretrial release that could have been imposed).

Second, Defendant objects to Magistrate Judge King's discussion of his residence and employment history. Obj. 4–6, ECF No. 61. As an initial matter,

---

[2] These factors include the nature and circumstances of the offense charged, the weight of the evidence against Defendant, his history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

the R&R seems to discuss Defendant's residence and employment primarily to note that Defendant's statements to Pretrial Services about these issues did not always match what Defendant's wife and grandmother said. The R&R used these inconsistencies to note that "it is questionable that Defendant's family is familiar with the details of Defendant's life and activities," which lessens the credit the Court might give to those family members' opinions of Defendant's character. *See* R&R 4, ECF No. 57.

In any case, on *de novo* review, the Court finds that Defendant's statements about residing with his grandmother do not match her statements to Pretrial Services, and his attempt to explain the inconsistencies in his objection are unpersuasive. The Court also finds that Defendant's failure to file tax returns for several years, regardless of whether he eventually filed them to support his release in this case or in anticipation of a child custody hearing (as he argues), weighs heavily against him when considering his history and characteristics.

Defendant does not object to any of Magistrate Judge King's findings with respect to the other § 3142(g) factors, which are the key consideration for whether there are conditions of release that will reasonably assure the safety of the community, but he does restate his arguments for why the factors weigh in his favor.

To the extent those are properly considered objections to the R&R, the Court overrules those objections and adopts the R&R's findings on the § 3142(g)

factors.[3]  Upon *de novo* review, the Court agrees with the R&R that there is clear and convincing evidence that no condition or combination of conditions could reasonably assure the safety of the community.

Third, Defendant claims that he should be released because of medical concerns, including risks related to COVID-19, because he has hypertension and a large lump on his stomach that was not present prior to incarceration.  Obj. 6–7, ECF No. 61.

The Court disagrees.  Defendant has not supported his argument with medical evidence, and, in any event, he already contracted COVID-19 in December 2020, and the pandemic has waned substantially in recent months.

Fourth, Defendant argues that he should be released to facilitate the preparation of his defense.  Defendant did not raise this claim in his initial motion, so it is not properly raised in his objection.  *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (while the Court may conduct a *de novo* review of objections, "absent compelling reasons" parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate").

---

[3] While the Court will not rehash each of the factors, it is worth addressing one of Defendant's arguments.  Defendant contends that the nature and circumstances of the offense charged are "serious" but "not so egregious or violent as to preclude pretrial release." Obj. 10, ECF No. 61.  It is certainly true that the charges do not "preclude" pretrial release, but there is no doubt that the nature and circumstances of the offense are quite serious. As discussed above, Count 1 carries with it a presumption in favor of detention.  While Defendant has met his burden of production sufficient to rebut the presumption, "[t]he presumption remains as a factor because . . . the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Stone*, 608 F.3d at 945 (citing *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985)).

Even if it were properly raised, Defendant is not positioned any differently than other pre-trial detainees. While it may be preferable for a defendant to prepare for trial while on release, that preference does not override consideration for the safety of the community.

For these reasons, the Court **OVERRULES** Defendant's objections, ECF No. 61, **ADOPTS** the R&R, ECF No. 57, and **ORDERS** that Defendant remained detained pending trial.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**